UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JAIMES W. JAIKINS III and LINDA W. JAIKINS,

Case No. 10-40982-RAM

Chapter 7

Debtors.
_____/

**TRUSTEE'S MOTION TO APPROVE PAYMENT OF PRIORITY CLAIMS AND INTERIM DISTRIBUTION TO GENERAL UNSECURED CREDITORS**

Barry E. Mukamal, Trustee, pursuant to 11 U.S.C. §726(a) and Bankruptcy Rule 3009, files this Motion to Approve Payment of Priority Claims and Interim Distribution to General Unsecured Creditors, and states:

1. This motion seeks authority to pay all non-administrative priority claims and to make an interim distribution to nonpriority creditors in the case pursuant to Bankruptcy Rule 3009 because the case has reached a point where it is possible for the trustee to estimate the distributions to creditors, though the final administration of assets is likely two years away.

**Background**

2. The debtors filed their voluntary petition under Chapter 7 on October 11, 2010, as a no-asset case, and Mr. Mukamal was appointed trustee. As a result of separate litigation commenced by the trustee against the debtors and related parties (Adv. Proc. No. 12-02000-RAM) and against unrelated parties in Michigan (Adv. Proc. 12-01999-RAM), the trustee made and the court approved two settlements in 2013. The settlement of Adv. Proc. No. 12-02000 brought into the estate a condominium apartment in Ocean Reef community of Key Largo, Florida and an equity membership in the Ocean Reef Club, as well as a boat and certain jewelry.

The settlement of Adv. Proc. No. 12-10999 brought into the estate several vacant lots in Rose Township, Oakland County, Michigan.

3.  The trustee has since sold, for cash and with the court's approval, all the assets recovered in the settlements except the Ocean Reef Club membership which is in a two-year queue for sale by the club.  The trustee has $565,703.57 remaining in his bank accounts. Neither the trustee nor the estate's professionals, except the real estate brokers, have been paid, but both his attorney's and accountant's interim fee applications are pending.

### Ocean Reef Club Dues as Administrative Expense

4.  The case must remain open for at least two years, at which time the trustee expects the club membership to bring a sale price of $160,000 net of selling costs (the club's transfer fee and commission for selling the membership). Although the membership is inactive, club dues and assessments totaling $26,200 will have to be paid during the next two years. The court has recently entered an order [DE 338] approving the payment of these dues and assessments as they accrue.

### Payment of Priority Claims

5.  Only two claims were filed that seek statutory priority:

Claim #2 by the Internal Revenue Service, seeking $4,153.68 for the priority portion of its claim pursuant to 11 U.S.C. §507(a)(8);

Claim #7 (replacing Claim #3) by Michigan Department of Treasury, seeking $344.15 for the tax priority portion of its claim, also pursuant to 11 U.S.C. §507(a)(8).

The trustee has examined the claims and believes they should be allowed and paid in full now.

### Payment of First Dividend to General Unsecured Creditors

6.  Three proofs of claim have been filed which seek allowance of a *non*-priority claim, excluding the "penalty" portions of the two tax claims that are subordinated to non-priority creditors under 11 U.S.C. §726(a)(4). They are:

2

Claim #1, as amended, by The Provident Bank, $151,424.14

Claim #5, by FIA Card Services, N.A., $6,721.50

Claim #6, by Resnick & Moss, P.C., $1,264,579.39

The trustee has no objection to any of the claims.

7.  Schedule A shows the effect, on the $565,703.57 presently in the estate, of the trustee:

   (a)  reserving the amount necessary to pay the club dues for as long as *three years*;

   (b)  reserving a sufficient amount to pay:

   (i)  an interim fee to the trustee [90% of the statutory amount calculated on past and proposed disbursements],

   (ii)  90% of the trustee's attorney's accrued fees and costs [DE 341, fee application presently pending], and

   (iii)  90% of the accrued fees and costs of the trustee's accountants [DE 337, fee application pending];

   (c)  paying the priority claims in full; and

   (d)  paying 15.6% of the claims of the three nonpriority creditors.

The balance remaining after those payments, when combined with the eventual sale proceeds from the club membership, would be more than sufficient to cover any possible taxes, fees, and expenses that could accrue during the remainder of the case, and to make a substantial final distribution to creditors.

8.  The proposed payments and distributions in Schedule A are ranked in order according to the priority mandated by Section 726 of the Bankruptcy Code: first, expenses of the

3

administration of the case [11 U.S.C. §726(a)(1), §507(a)(2), §503(b)]; second, tax priority claims [11 U.S.C. §726(a)(1), §507(a)(8)]; and third, non-priority claims [11 U.S.C. §726(a)(2)].

WHEREFORE, the trustee seeks the entry of an order approving the distributions set forth in the attached Schedule A so as to pay priority claims and a 15.6% dividend on non-priority claims.

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2014, I electronically filed the foregoing document with the clerk of the court using CM/ECF, which is serving the document via transmission of Notices of Electronic Filing to those counsel or parties who are authorized to receive such notices. I also certify that the foregoing document was served today by mail upon Linda W. Jaikins, 31 Ocean Reef Drive, Box 111, Key Largo, FL 33037 and James Jaikins, 1441 West Romeo Road, Oakland, MI 48363; Marcum LLP, Attention: John Heller, 1 SE 3 Avenue, 10th Floor, Miami, FL 33131; Mark S. Roher, Jones Walker LLP, 201 S Biscayne Blvd. Suite 2600, Miami, FL 33131-4341, Michigan Department of Treasury, P.O. Box 30456, Lansing, MI 48909-7955, FIA Card Services, N.A., 4161 Piedmont Parkway, NC4 105 03 14, Greensboro, NC 27410, Internal Revenue Service, Centralized Insolvency Operations, P.O. Box 7346, Philadelphia, PA 19101-7346 and Joseph Marcella, c/o The Provident Bank, P.O. Box 1001, Iselin, NJ 08830-1001.

> GRAYROBINSON, P.A.
> Counsel for Trustee
> 401 E. Las Olas Blvd., Suite 1850
> Fort Lauderdale, FL 33301
> Ph. (954) 761-8111—Fax (954) 761-8112
>
> s/ Patrick S. Scott
> Patrick S. Scott
> Fla.Bar No. 290025

\351000\11 - # 1368285 v1

| Claim No. | Claimant | Amount Sought | Priority Asserted | Recommended Interim Payment (or reserve) | | Amount to Be Paid | Balance Remaining in Estate Funds |
|---|---|---|---|---|---|---|---|
| | | | | | | | 565,703.57 |
| N/A | Reserve for ORC club dues for 3 years | N/A | administrative | 100.0% | $ | 39,000.00 | $ 526,703.57 |
| N/A | Reserve for potential estate tax | N/A | administrative | 100.0% | $ | 10,000.00 | $ 516,703.57 |
| fee applic'n | GrayRobinson, P.A. - fee | $ 224,167.00 | administrative | 90.0% | $ | 201,750.30 | $ 314,953.27 |
| fee applic'n | GrayRobinson, P.A. - costs | $ 10,841.28 | administrative | 100.0% | $ | 10,841.28 | $ 304,111.99 |
| fee applic'n | Marcum LLP - fee | $ 48,625.00 | administrative | 90.0% | $ | 43,762.50 | $ 260,349.49 |
| fee applic'n | Marcum LLP - costs | $ 371.80 | administrative | 100.0% | $ | 371.80 | $ 259,977.69 |
| fee applic'n | Barry E. Mukamal, Trustee (note 1) | $ 35,000.00 | administrative | 90.0% | $ | 31,500.00 | $ 228,477.69 |
| 2 | Internal Revenue Service | $ 4,153.68 | tax | 100.0% | $ | 4,153.68 | $ 224,324.01 |
| 7 | Michigan Dept. of Treasury (note 2) | $ 344.15 | tax | 100.0% | $ | 344.15 | $ 223,979.86 |
| 1 | The Provident Bank | $ 151,424.14 | nonpriority | 15.6% | $ | 23,622.17 | $ 200,357.69 |
| 5 | FIA Card Services, N.A. | $ 6,721.50 | nonpriority | 15.6% | $ | 1,048.55 | $ 199,309.14 |
| 6 | Resnick & Moss, P.C. | $ 1,264,579.39 | nonpriority | 15.6% | $ | 197,274.38 | $ 2,034.76 |

The trustee estimates that another $160,000 will be collected in two years from the sale of the final asset, the debtors' Ocean Reef Club membership. Remaining administrative expenses are the 10% holdbacks for professionals, an estimated $20,000 for KapilaMukamal to prepare tax returns, the trustee's statutory fee on the final distribution, and small wrap-up fees.

Notes:

    (1) Trustee's statutory fee is an estimate based on $5,750 on the first $50,000, and 3% on the balance of past and present disbursements.

    (2) Claim #3 replaced by Claim #7

SCHEDULE "A"